FILED
JAN 18 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAPHAEL MENDEZ,               )
                              )
        Plaintiff,            )
                              )
v.                            )   Civil Action No. 1:18-cv-02771 (UNA)
                              )
DONALD J. TRUMP, *et al.*,    )
                              )
        Defendants.           )

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), which mandates dismissal of a complaint that fails to state a claim upon which relief can be granted.

Plaintiff Raphael Mendez is a federal "civil[ly] committed detainee" designated to the Rochester Federal Medical Center ("FMC Rochester"), located in Rochester, Minnesota. Compl. at 1. He alleges that he is currently falsely imprisoned at FMC Rochester "without federal jurisdiction," *id.* at 1, and accuses "Senior Judge W. Earl Britt" of "judicial usurpation," *id.* at 2. According to a 2011 judgment from the Eastern District of North Carolina, "Judge Britt . . . presided over Mendez's civil-commitment proceedings." *See Mendez v. Britt*, No. 5:10-CT-3081-D, 2011 WL 13210268, at *2 (E.D.N.C. Apr. 11, 2011). Mendez sues the President of the United States, the United States House and Senate Judiciary Committees, and "other unnamed members of the [f]ederal [l]egislation," for mandamus relief. Compl. at 1.

To the extent Plaintiff is challenging his confinement, mandamus relief is not available when, as here, an adequate remedy exists in habeas to address the underlying claim. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [.]") (citation omitted); *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie [.]"). To the extent that the Court might conceivably treat his filing as a habeas petition, moreover, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Although the Court might ordinarily wait to see if the United States will waive defenses based on venue and personal jurisdiction, *see Lane v. United States*, No. CV 14-731, 2015 WL 6406398, at *4–*6 (D.D.C. Oct. 21, 2015), the Court cannot discern any colorable claim for habeas relief in Plaintiff's filing. The Court will, accordingly, dismiss any claims challenging his confinement itself.

Plaintiff also seeks "clearance to air [his] false imprisonment claim to the American People." Compl. at 7, 9, and requests mandamus relief approving interviews with the media at his facility. *Id.* at 5, 7. Mendez attaches to his complaint a copy of 28 C.F.R. § 540.63, which provides that for "unconvicted persons (including competency commitments under 18 U.S.C. 4244 and 4246)" held in federal facilities, "interviews are not authorized until there is clearance with the court having jurisdiction, ordinarily through the U.S. Attorney's Office." 28 C.F.R. § 540.63(g)(6). Plaintiff asserts that authorization through the relevant U.S. Attorney's Office is "not an option for . . . [f]reedom of [p]ress REPORTING." Compl. at 9.

While it is unclear precisely what Mendez argues, to the extent he seeks judicial clearance for interviews pursuant to that regulation, his request must be directed to the "court having jurisdiction." 28 C.F.R. § 540.63(g)(6). This Court, accordingly, lacks authority to grant the relief he seeks. Nor can Mendez proceed by way of a writ of mandamus. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. A plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). Plaintiff fails to plead any facts to establish that the named defendants owe him a duty regarding potential media interviews. More importantly, though, "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision whether to grant an interview request is a discretionary act. *See, e.g., Phillips v. Bureau of Prisons*, 591 F.2d 966, 967 (D.C. Cir. 1979).

For these reasons, the complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. An Order consistent with this Memorandum Opinion is issued separately.

Date: January 10, 2019

/s/ Ronald D. Moss
United States District Judge